UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT P. GANT,**

    Petitioner,

  v.                                                   Case No. 16-CV-317

**BRIAN FOSTER,**

    Respondent.

---

## DECISION AND ORDER GRANTING
## RESPONDENT'S MOTION TO ALTER JUDGMENT

---

      Robert P. Gant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his conviction and sentence for first-degree intentional homicide and burglary was unconstitutional based on ineffective assistance of trial counsel. (Docket # 1.)[1] Magistrate Judge David E. Jones granted Gant's petition for habeas relief on September 23, 2019 and judgment was entered the same day. (Docket # 35; Docket # 36.) The case was subsequently reassigned to me and the parties have again consented to magistrate judge jurisdiction. Presently before me is the respondent's motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e). (Docket # 37.)

      Fed. R. Civ. P. 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v.*

---

[1] Gant also raised a claim that he was entitled to a new trial based on newly discovered evidence (Docket # 1 at 7) but did not independently pursue this claim. Rather, he argued that the claim was relevant to the prejudice prong of his ineffective assistance of counsel claim. (Docket # 35 at 6 n.1.)

*Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

The respondent argues that the judgment in this case should be altered to order an evidentiary hearing on Gant's ineffective assistance of trial counsel claim. (Docket # 37 at 3–6.) By way of background, Gant was charged in February 2009 with burglary as party to a crime and first-degree intentional homicide following the shooting death of Davell Childs. (Docket # 35 at 2.) The State tried the case twice. (*Id.*) At the first trial, the jury found Gant guilty of the burglary but could not reach a verdict on the homicide. (*Id.*) The trial court declared a mistrial on the homicide charge. (*Id.*) The State tried Gant a second time, resulting in a conviction on the homicide charge. (*Id.*)

A witness who was present at the house on the night of Childs' shooting, Ashlee Bell, who was also in an "on and off" relationship with Gant, testified inconsistently between the two trials. (Docket # 7-5 at 2.) In the first trial (again, where the jury could not reach a verdict as to the homicide charge), Bell testified that Gant was not present the night of the shooting. (*Id.* at 3.) During the second trial (where Gant was convicted of homicide),

Bell testified that Gant was present at the house on the night of the shooting. (*Id.* at 5.) Gant filed a post-conviction motion alleging that his trial counsel was ineffective for failing to impeach Bell during the second trial with her testimony from the first trial. (*Id.* at 6.) Gant also submitted his investigator's report claiming Bell recanted her testimony from the second trial. (*Id.*)

The trial court denied Gant's motion without granting a hearing under *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). (*Id.* at 7.) To be entitled to a *Machner* hearing, Gant had to allege enough material facts that, if true, would entitle him to relief. *State v. Allen*, 2004 WI 106, ¶ 9, 274 Wis. 2d 568, 576, 682 N.W.2d 433, 437. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* On appeal, the Wisconsin Court of Appeals upheld the trial court's denial of a *Machner* hearing and in so doing, addressed the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984) and upheld the conviction. (Docket # 7-5 at 7–10.) On habeas review, the respondent argued that Gant procedurally defaulted his ineffective assistance claim because the state court relied on an adequate and independent state ground in denying Gant's motion without a hearing. (Docket # 35 at 6.) This Court rejected the respondent's argument, finding that the court of appeals' reliance on *Allen* was not independent of the federal question. The Court went on to analyze the merits of the *Strickland* claim. (*Id.* at 6–8.)

The Wisconsin Court of Appeals only addressed the prejudice prong of *Strickland* and did not address counsel's alleged deficient performance. This Court, on habeas review,

3

independently addressed the performance prong of *Strickland* and found no justification for counsel's failure to make use of Bell's prior inconsistent statements. (*Id.* at 12–14.) After also finding Gant was prejudiced by counsel's deficient performance, this Court granted the writ and ordered that the case be remanded to state court with instructions to vacate Gant's judgment of conviction. (*Id.* 14–17.)

The respondent argues that this Court erred in failing to grant an evidentiary hearing. He alternatively argues that if an evidentiary hearing is denied, the Court should alter the relief granted to Gant. (Docket # 37 at 6–8.) Specifically, the respondent argues that this Court erroneously ordered the state court to revise its judgment (when this Court lacks authority to do so) and failed to grant a conditional writ allowing the state to retry Gant, giving it an opportunity to correct any constitutional errors. (*Id.*) Gant has not responded to the respondent's motion and in fact had previously requested an evidentiary hearing be held on this issue. (Docket # 33 at 36.) I agree that the judgment must be altered to allow an evidentiary hearing on Gant's ineffective assistance of counsel claim. Because Gant requested and was denied a *Machner* hearing, the record contains no facts to explain counsel's actions. *See Anderson v. United States*, 865 F.3d 914, 921 (7th Cir. 2017) ("[E]videntiary hearings often are needed because ineffective assistance claims generally turn on facts outside the trial record."); *Ward v. Jenkins*, 613 F.3d 692, 701 (7th Cir. 2010); *see also Carter v. Duncan*, 819 F.3d 931, 950–51 (7th Cir. 2016) (Easterbrook, J., concurring) ("It is not sensible—indeed, usually it is not possible—to decide that defense counsel furnished ineffective assistance without hearing from the lawyer what happened and why."). While it may be, as this Court found, that there was no justification for counsel's failure to

impeach Bell with her prior inconsistent statements, there is also no testimony in the record from counsel as to why the decision was made. Accordingly, I cannot evaluate whether counsel's performance was deficient without hearing from trial counsel first. For these reasons, the respondent's motion to alter or amend the judgment is granted. The judgment granting the writ is vacated and an evidentiary hearing will be held on Gant's ineffective assistance of counsel claim.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the respondent's motion to alter judgment granting writ of habeas corpus (Docket # 37) is **GRANTED**. The clerk of court will contact the parties to schedule a telephone conference addressing scheduling of the evidentiary hearing.

Dated at Milwaukee, Wisconsin this 19th day of November, 2019.

BY THE COURT

_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge